UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SARAH WOLINSKY

                Plaintiff,

    v.

SCHOLASTIC, INC.

                Defendant.
------------------------------------------------------------X

ECF Case

Civil Action No.: 5917/2011 (RJH)(GWG)

**COMPLAINT AND JURY DEMAND**

Plaintiff, by her attorney, Law Offices of Lauren Goldberg, PLLC, as and for a complaint against Defendant, allege:

## PRELIMINARY STATEMENT

1. Plaintiff, who worked for Scholastic, Inc. from April 2006 through November 2008 brings this action for wage violations, including denial of overtime, and other benefits pursuant to the Fair Labor Standards Act ("FLSA") §§ 7, 15, 29 U.S.C. §§ 207, 215, *et seq.*, and the New York Labor Law ("the State Labor Law") §§ 190 and 198, 663(1) *et seq.* and as amended under the New York Wage Theft Prevention Act.

2. Plaintiffs also assert claims for quantum meruit and unjust enrichment.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims presented in this complaint pursuant to 28 U.S.C. § 1331, 1337, 1343 and 1367 and FLSA Section 16, *as amended*, 29 U.S.C. §§ 216 (b).

4. Plaintiffs invoke supplemental jurisdiction of the Court to hear and decide the claims arising under state law, including under the State Labor Law.

5.  Venue lies in the Southern District of New York pursuant to 28 U.S.C. 1391 in that the actions or omissions that gave rise to this lawsuit occurred in this district.

## PARTIES

6.  Ms. Wolinsky is a resident of the State of New York and, at all relevant times herein, was employed by Defendant.

7.  Defendant SCHOLASTIC, INC. is incorporated in the State of New York, doing business in the State of New York and has a principal place of business at 557 Broadway, New York, New York 10012.

8.  Scholastic, Inc. is a publishing, education and media company of children's' products.

9.  At all relevant times, Scholastic, Inc. was, and still is, engaged in interstate commerce, has over 50 employees and, upon information and belief, has an annual revenue of approximately 2.0 billion.

## STATEMENT OF FACTS

10. Defendant intentionally underpaid Plaintiff's wages throughout her employment, which was from April 2006 through October 2008.

11. Plaintiff was never paid any overtime wages, despite the fact that Plaintiff often worked more than 40 hours in a week.

12. In fact, there were many weeks that Ms. Wolinsky worked over 60 hours.

13. Plaintiff's work performance was always excellent.

## DEFENDANTS' INTENTIONALLY UNDERPAID PLAINTIFFS

14. Ms. Wolinsky began working for Scholastic , Inc. as a temporary worker on March 7, 2006.

15. In April 2006, Scholastic, Inc. offered her a position to assist their Implementation

Services and Technical Support Department in their Education Division.

16. Ms. Wolinsky's duties included, but were not limited to, cleaning and analyzing student test score data, and preparing the resulting analysis for presentation.

17. When Ms. Wolinsky was hired in April 2006, she was required to sign an agreement stating that her position was as a "consultant" and that she agreed to be an independent contractor.

18. The initial agreement had a stated term from April 15, 2006 through August 30, 2006.

19. Defendant kept extending her employment and requiring her to sign additional amendments which had the same terms as the initial agreement. Each agreement also contained a limit for the amount up to which she could invoice.

20. In reality, however, Plaintiff was an employee throughout her entire employment with Defendant.

21. During the course of her employment with Scholastic, Inc., she was directly supervised by Patricio Dujan, a manager in Implementation Services.

22. Mr. Dujan told Ms. Wolinsky exactly what projects she was to do and how to perform them.

23. Additionally, Mr. Dujan set very tight deadlines for Ms. Wolinsky which often required her to work over 40 hours a week and late in the night or on weekends.

24. Mr. Dujan regularly reviewed and revised Ms. Wolinsky's work so that she would have to adjust and edit her assignments many times.

25. Ms. Wolinsky was assigned a computer, a phone extension, voicemail and an office cubicle at the Scholastic offices at 524 Broadway, New York, New York.

26. During her entire employment with Defendant, Plaintiff was required to use Scholastic's equipment to complete her work.

27. In fact, Ms. Wolinsky wanted to use her own computer because it was faster, but she was not permitted to do so.

28. Even during the times that Ms. Wolinsky worked at home, she used Scholastic Inc.'s computer equipment and connected to the Scholastic computer network system and email system to complete her work.

29. She had daily communication with her supervisor who gave her constant feedback.

30. In 2006, Ms. Wolinsky often worked over 40 hours a week and accrued approximately 70 hours of overtime throughout the year.

31. In 2007, Ms. Wolinsky often worked over 40 hours a week and accrued approximately 320 hours of overtime throughout the year.

32. In 2008, Ms. Wolinsky often worked over 40 hours a week and accrued approximately 381 hours of overtime throughout the year.

33. In or around September 2008, as she was nearing the limit on her agreement, she reached out to Mr. Dujan to discuss amending her agreement to increase the funds available to her, as had been done on numerous previous occasions over the course of her employment.

34. Despite having reached the limit on her contract, she kept working on her assigned tasks which were time sensitive.

35. After continuing to work in good faith without an updated contract, Ms. Wolinsky emailed Duncan Young, Vice President, Scholastic Educational Services about the untenable nature of working without a guarantee of payment, and asked that he let her know if her contract would be renewed and extended.

36. On or about November 13, 2008, after emailing Mr. Duncan, Ms. Wolinsky stopped working for Scholastic Inc.

37. On November 16, 2008, Mr. Young, emailed Ms. Wolinsky to let her know that he and Mr. Dujan were reviewing their budget and would contact her shortly regarding additional funds for her contract.

38. Ms. Wolinsky never heard back from Defendant.

39. In January 2009, Ms. Wolinsky filed for unemployment.

40. In April 2009, Ms. Wolinsky learned that after conducting an investigation, the New York State Department of Labor found that she was an employee of Scholastic, Inc. and should have been classified as an employee from the very beginning of her employment.

41. Subsequently, Defendant issued her w-2s for the years that she worked for the Defendant.

42. As an employee, Ms. Wolinsky was entitled to receive overtime which she never received.

43. Ms. Wolinsky was paid $50 per hour for her work, but received the same rate even when she worked well over 40 hours.

44. Additionally, there were various other benefits that were offered to all other employees that she was denied because of Defendant's intentionally misclassifying her as an independent contract.

45. Upon information and belief, she was denied various benefits, including but not limited to health care benefits, 401k benefits, life insurance benefits, profit-sharing benefits, vacation days, paid sick days and holiday pay.

46. Defendant and its agents intentionally and willfully misclassified Ms. Wolinsky to avoid paying overtime and avoid granting her many benefits.

47. Thus, Defendant was aware that Plaintiff was being paid far less than their full and proper wages, including overtime wages at the required statutory rate under the FLSA and the State Labor Law.

48. It was Defendants' practice and policy not to pay Plaintiff for all her hours worked and not to pay Plaintiff at the required statutory overtime rate for hours worked in excess of 40 hours per week.

49. Defendants' actions were a malicious, willful and reckless violation of Plaintiff's rights.

50. The above-stated wage violations by Defendant were intentional and are part of a continuous pattern, practice and policy of denying proper wages and social security benefits to their employees and withholding appropriate taxes from the Federal, State and City tax authorities.

## FIRST CAUSE OF ACTION: FLSA

51. Plaintiff repeats and reasserts all allegations previously set forth.

52. Defendant intentionally refused to pay Plaintiff proper overtime wages in violation of the FLSA, 29 U.S.C. §§ 206, 207.

53. At all relevant times, Defendant was aware of the actual hours that Plaintiff worked on a weekly basis because they required Plaintiffs to submit invoices with her time records.

54. Thus, Defendant intentionally and willfully refused to pay Plaintiff her full pay and hence is liable for liquidated damages.

55. Plaintiff has thereby been damaged in an amount as yet undetermined but at least $45,000.00 plus liquidated damages.

## SECOND CAUSE OF ACTION: STATE LABOR LAW

56. Plaintiff repeats and reasserts all allegations previously set forth.

57. Defendant intentionally refused to pay Plaintiff for all her hours worked, refused to pay the statutory overtime rate for hours worked in excess of 40 hours per week, failed to keep proper wage and hour records and failed to provide adequate notice requirements in violation of the State Labor Law Articles 6 & 19, §§ 190, 650, *et seq.* and as amended under the Wage Theft Prevention

Act.

58. At all relevant times, Defendant was aware of the actual hours that Plaintiff worked on a weekly basis because they required Plaintiff to submit invoices with her time records.

59. Thus, Defendant intentionally and willfully refused to pay Plaintiff her full pay and hence is liable for liquidated damages.

60. Plaintiff has thereby been damaged in an amount as yet undetermined but at least $ 45,000 plus liquidated damages.

## THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

61. Plaintiff repeats and realleges all allegations previously set forth.

62. Defendant has received labor from Plaintiff, for which Plaintiff anticipated she would be properly compensated.

63. Defendant knowing of Plaintiff's reasonable intentions to be compensated in wages and benefits for the labor she was providing to Defendant, failed to pay or otherwise provide to Plaintiff such compensation and benefits, and Defendant was, thereby, unjustly enriched.

64. Plaintiff has thereby been damaged in an amount as yet undetermined but at least $ 45,000 plus liquidated damages.

## FOURTH CAUSE OF ACTION: QUANTUM MERUIT

65. Plaintiff repeats and realleges all allegations previously set forth.

66. Plaintiff performed all the work required of her to the highest level/quality.

67. While Plaintiff's services were accepted by Defendant, Defendant did not provide to Plaintiff the reasonable value of their services.

68. Plaintiff has thereby been damaged in an amount as yet undetermined but exceeding $45,000.

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief:

    A.    Relief sought for each Cause of Action;

    B.    Punitive damages;

    C.    Liquidated damages;

    D.    Interest on the unpaid wages;

    E.    Costs, disbursements and attorneys' fees;

    F.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:    New York, New York
            August 23, 2011

**LAW OFFICES OF LAUREN GOLDBERG, PLLC**

By: _____
Lauren Goldberg (LG 9890)
501 Fifth Avenue, 19th Floor
New York, NY 10017
(646) 452-8380