**jackson|lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, NY 11747
Tel. 631-247-0404
Fax. 631-247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MORRISTOWN, NJ | PORTSMOUTH, NH |
| ALBUQUERQUE, NM | HARTFORD, CT | NEW ORLEANS, LA | PROVIDENCE, RI |
| ATLANTA, GA | HOUSTON, TX | NEW YORK, NY | RALEIGH-DURHAM, NC |
| AUSTIN, TX | INDIANAPOLIS, IN | NAPA, CA | RICHMOND, VA |
| BALTIMORE, MD | JACKSONVILLE, FL | NORFOLK, VA | SACRAMENTO, CA |
| BIRMINGHAM, AL | LAS VEGAS, NV | OMAHA, NE | ST. LOUIS, MO |
| BOSTON, MA | LONG ISLAND, NY | ORANGE COUNTY, CA | SAN DIEGO, CA |
| CHICAGO, IL | LOS ANGELES, CA | ORLANDO, FL | SAN FRANCISCO, CA |
| CINCINNATI, OH | MEMPHIS, TN | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MIAMI, FL | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MILWAUKEE, WI | PITTSBURGH, PA | WASHINGTON DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTLAND, OR | WHITE PLAINS, NY |
| DETROIT, MI | | | |

DIRECT DIAL: (631) 247-4661
EMAIL ADDRESS: TRIPPN@JACKSONLEWIS.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/12

May 7, 2012

**VIA ELECTRONIC MAIL** (Furman_NYSDChambers@nysd.uscourts.gov)

Hon. Judge Jesse M. Furman
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

       Re: *Sarah Wolinsky v. Scholastic, Inc.*
          Civil Case No.: 11-5917

Dear Judge Furman:

  We are counsel to Defendant in the above matter, and are submitting a joint letter with Plaintiff's counsel pursuant to the Court's Order dated April 23, 2012, instructing the parties to provide a status update. Dkt. 13.

1. *Names of counsel and current contact information, if different from the docket;*

Plaintiff's counsel's contact information should be corrected as follows:

Lauren Goldberg, Esq.
501 5th Avenue, 19th Floor
New York, NY, 10017
Email: lg@lgoldberglaw.com
Phone: 646-452-8380
Fax: 646-452-8663


Attorneys at Law

Hon. Judge Jesse M. Furman
USDC/SDNY
May 7, 2012
Page 2

Defense counsel's contact information is listed correctly.

2. *A brief statement of the nature of the case and/or the principal defenses thereto;*

Plaintiff asserts that she was misclassified as an independent contractor for purposes of the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL), and seeks unpaid overtime compensation (under both statutes) and the value of certain company benefits she did not receive (under the NYLL and common law). Defendant maintains that Plaintiff properly was classified as an independent contractor, that no "willful" violation of either statute occurred and that Plaintiff's claim for benefits is without basis in law.

3. *A statement of all existing deadlines, due dates, and/or cut-off dates;*

Fact and expert discovery – July 15, 2012; dispositive motions – August 3, 2012; filing of pre-trial order and case to be trial ready. Dkt. 11 at 1.

4. *A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;*

A conference is scheduled following the close of fact discovery, on July 27, 2012 at 10 AM. Dkt. 11 at 2.

5. *A brief description of any motion that has been made, including the date of the motion and whether the motion has been decided.*

None.

6. *A statement of whether there are any pending appeals;*

None.

7. *A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;*

The parties have exchanged written discovery requests. However, neither party has produced any documents, nor conducted any depositions. As set forth below, the parties have endeavored to conserve resources by engaging in settlement discussions. These discussions greatly narrowed the gap between the parties, but have been unsuccessful to date.

8. *A statement describing the status of any settlement discussions, and whether the parties have a joint interest in referral to a United States Magistrate Judge for settlement purposes;*



Attorneys at Law

Hon. Judge Jesse M. Furman
USDC/SDNY
May 7, 2012
Page 3

The parties engaged in lengthy settlement negotiations in which substantial progress was made. As set forth above, those negotiations have not yet resulted in settlement. The parties believe referral to the Magistrate may be helpful in facilitating further negotiations.

9.   *An estimate of the length of trial; and,*

Plaintiff – 2 days.  Defendant – 2-3 days.

10.   *Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.*

Defendant – In the absence of any evidence of a "willful" violation under the FLSA, jurisdiction in this Court will cease to be appropriate. If Defendant succeeds in establishing the absence of willfulness on summary judgment, Defendant will move this Court to dismiss this action, without prejudice to re-filing in the proper state forum. Further, Plaintiff asserts that Defendant's voluntary reclassification of Plaintiff without prejudice for the purposes of New York State unemployment taxes and federal income taxes constitutes an admission. Plaintiff is mistaken. In response to Plaintiff's filing for unemployment, Defendant voluntarily reclassified her as an employee for New York State unemployment tax purposes, without any finding or any prejudice to Defendant. Even findings of the New York State Department of Labor's Unemployment Insurance Division are not binding in any subsequent proceeding. NY Labor Law § 623(2). Defendant also subsequently reclassified Plaintiff for federal income tax purposes. Again, this reclassification was without prejudice, and has no bearing on classification analysis under the FLSA's "economic realities" test. *Bamgbose v. Delta-T Group, Inc.*, 684 F. Supp. 2d 660 (E.D. Pa. 2010)(IRS materials submitted by Plaintiff did not support conditional certification of FLSA collective action).

Plaintiff – Defendant, retroactively, filed a w-2 for the plaintiff. It is completely nonsensical that the Defendant now characterizes her as an independent contractor when they have already reported her wages to the Internal Revenue Service. During Plaintiff's employment, their misclassification was willful. Over the course of Ms. Wolinsky's employment, she had various conversations with her supervisor about changing her to status to an employee. Her supervisor even tried to convince her that although her pay rate would be lower, the benefits would compensate her. Clearly, Scholastic classified Ms. Wolinsky based on financial reasons rather than the type of work she was doing. Scholastic was closely monitoring and supervising Ms. Wolinsky during her entire employment. Additionally, upon information and belief, Scholastic



Hon. Judge Jesse M. Furman
USDC/SDNY
May 7, 2012
Page 4

Attorneys at Law

terminated various employees' and rehired them as independent contractors so as to not to have to pay them employee benefits.

                              Respectfully,

| LAW OFFICES OF LAUREN GOLDBERG, PLLC | JACKSON LEWIS LLP |
|---|---|
| S/ | S/ |
| Lauren Goldberg | Noel P. Tripp |

NPT:dc

4826-5858-2031, v. 1

*On or before May 25, 2012, the parties shall contact Magistrate Judge Gabriel W. Gorenstein for purposes of scheduling a settlement conference in either June or July. Unless the case is settled before then, the parties shall submit a joint letter to the court by July 30, 2012, with respect to the status of the case. The conference previously scheduled for July 27, 2012, is adjourned sine die. All other scheduling dates remain in effect.*

*SO ORDERED.*

*[signature]*

*May 8, 2012*
*New York, NY*