



Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | PORTLAND, OR |
|---|---|---|---|---|
| 58 South Service Road | ALBUQUERQUE, NM | GREENVILLE, SC | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| Suite 410 | ATLANTA, GA | HARTFORD, CT | MORRISTOWN, NJ | PROVIDENCE, RI |
| Melville, New York 11747 | BALTIMORE, MD | HOUSTON, TX | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| Tel 631 247-0404 | BIRMINGHAM, AL | INDIANAPOLIS, IN | NEW YORK, NY | RICHMOND, VA |
| Fax 631 247-0417 | BOSTON, MA | JACKSONVILLE, FL | NORFOLK, VA | SACRAMENTO, CA |
| www.jacksonlewis.com | CHICAGO, IL | LAS VEGAS, NV | OMAHA, NE | SAN DIEGO, CA |
| | CINCINNATI, OH | LONG ISLAND, NY | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| | CLEVELAND, OH | LOS ANGELES, CA | ORLANDO, FL | SEATTLE, WA |
| | DALLAS, TX | MEMPHIS, TN | PHILADELPHIA, PA | STAMFORD, CT |
| | DENVER, CO | MIAMI, FL | PHOENIX, AZ | WASHINGTON, DC REGION |
| | | | PITTSBURGH, PA | WHITE PLAINS, NY |

DIRECT DIAL: (631) 247 4661
EMAIL ADDRESS: TRIPPN@JACKSONLEWIS.COM

June 20, 2012

**VIA ELECTRONIC MAIL (Furman_NYSDChambers@nysd.uscourts.gov)**

Hon. Judge Jesse M. Furman
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 7/5/12

Re: *Sarah Wolinsky v. Scholastic, Inc.*
Civil Case No.: 11-5917

Dear Judge Furman:

In accordance with the Court's Order, Defendant respectfully submits this letter, with Plaintiff's consent, setting forth its views on why the settlement in this Fair Labor Standards Act (FLSA) case is fair, and why confidential *in camera* review of the Agreement, or in the alternative filing of the Agreement under seal, is warranted. The agreed to Agreement is attached hereto as Exhibit 1.

## I. INTRODUCTION

Plaintiff and Defendant ("Parties") have agreed to settle all of Plaintiff's wage-and-hour claims. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arduous arms-length bargaining between the Parties which commenced following the filing of this action and concluded only when the Agreement was agreed to by the parties on June 20, 2012. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of the Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, Defendant, with Plaintiff's consent, respectfully requests that that Court enter an Order



approving the settlement as fair and reasonable. A proposed Order is attached to Exhibit 1 as Exhibit A.

## II. STATEMENT OF THE CASE

Plaintiff previously provided data analysis services to Defendant Scholastic, Inc.. (hereafter "Defendant" or "Scholastic") from April 2006 to October 2008 (Complaint ¶ 10). Scholastic classified Plaintiff as an independent contractor under the Wage Laws, and maintains that this classification was lawful. On or about August 23, 2011, Plaintiff filed the instant complaint alleging that she had been misclassified as an independent contractor, and thus Defendant failed to pay her premium pay for hours worked in excess of 40 hours in a workweek as required by both the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL" together with the FLSA the "Wage Laws"), and also failed to provide her with certain benefits in violation of state law.

On October 26, 2011, Defendant answered. Since that time, the parties have engaged in a lengthy negotiation addressing:

- The merits of Plaintiff's misclassification claim;

- The remedies available to Plaintiff under the FLSA, the New York Labor Law, contract law and common law; and

- Plaintiff's alleged hours worked.

While the Parties continue to differ sharply in their respective positions with respect to these issues and the central issue of classification, in recognition of the risks associated with litigation, the Parties reached a settlement in principle on or about May 23, 2012. Since that time, the Parties negotiated the language of the attached Agreement.

## III. PARTIES' RESPECTIVE CLAIMS AND DEFENSES

The FLSA is the federal wage and hour law designed, in part, to provide overtime protections to employees who are required to labor long hours at the behest of their employer. Section 7(a) of the FLSA (29 U.S.C. §207(a)) sets forth the general requirement that employees must be paid overtime compensation for hours worked in excess of 40 hours per week. Section 7(a) of the FLSA requires employers to pay employees overtime for all hours worked over 40 during each workweek "at a rate of one and one-half times their regular rate of pay." 29 U.S.C. § 207(a). The NYLL mirrors the FLSA, requiring an employer "to pay an employee overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section 7 and Section 13 of 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act of 1938 ...." 12 NYCRR § 142-2.2. The primary differences between the federal and state law relate to remedies. While the FLSA provides a statute of

jackson | lewis
Attorneys at Law

limitation of two years, or three years for willful violations, the NYLL provides a six-year statute of limitations. 29 U.S.C. § 255(a); NYLL § 198(3).

Plaintiff alleges that she worked substantial overtime during the period covered by her New York Labor Law claims, and that Defendant's violation of the Wage Laws was "willful" giving rise to an FLSA violation for claims occurring between August 23, 2008 and October 2008 (a 3 month period). Defendant denies all of the material allegations set forth in Plaintiff's Complaint and continues to assert that Plaintiff properly was classified as an independent contractor.

## IV. THE PROPOSED SETTLEMENT IS FAIR AND REASONABLE

It is settled law that employees and employers may settle private lawsuits for compensation due under the FLSA pursuant to a judicially supervised stipulated settlement. *Manning v. N.Y. Univ.*, No. 98 Civ. 3300 (NRB), 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. August 21, 2001), *aff'd*, 299 F.3d 156 (2d Cir. 2002), *cert. denied*, 123 S. Ct. 2092 (2003) (citing *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947)); *Bracey v. Luray*, 161 F.2d 128 (4th Cir. 1947)); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Martin v. Ind. Mich. Power Co.*, 292 F. Supp. 2d 947, 959-60 (W.D. Mich. 2002); *Tyson v. Mobile County Water, Sewer and Fire Prot. Auth.*, No. 94 Civ. 0309 (CB), 1995 U.S. Dist. LEXIS 5723 (S.D. Ala. April 24, 1995).

"In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No. 07 Civ. 11098 (RJS), 2010 WL 481274 at * 1 (S.D.N.Y. Nov. 16, 2010)(internal quotations and citations omitted.); *Herrera, et al. v. 29th Street Marketplace, et al.*, S.D.N.Y., No. 11-cv-00676, 04/30/12 (Furman, J). The Court may approve a settlement of FLSA claims upon its determination that the settlement is fair and reasonable. *Lynn's Food Stores*, 679 F.2d at 1353; *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 604 n.2 (E.D. Va. 1999). One factor that the Court should consider when reviewing a settlement of FLSA claims is whether there exists a bona fide dispute as to the amount and/or right to such unpaid wages. *Lynn's Food Stores*, 679 F.2d at 1354; *Jarrard*, 163 F.2d at 961; *Stalnaker*, 293 F. Supp. 2d at 1263.

The Parties have differing opinions regarding the merits of Plaintiff's claims (e.g., whether Plaintiff was misclassified) as well as the extent of Plaintiff's damages under the limited FLSA claim covering a 3 month period of time. However, in the interest of compromise and to prevent further costly and time consuming litigation, the Parties agree that the proposed settlement is fair and reasonable. Both Parties recognize the risks and costs inherent in further litigation and pursuing this matter through trial on the merits. Given the amount of money to be paid by Defendant under the Agreement, coupled with the numerous bona fide disputed issues as to the amount and right to the wages and other damages sought herein, the Parties jointly believe that the proposed settlement is fair and reasonable, and should be approved by the Court.


Attorneys at Law

Hon. Judge Jesse M. Furman
USDC/SDNY
June 20, 2012
Page 4

### A.     The Amount of the Settlement Is Fair

Pursuant to the Agreement, Plaintiff will receive substantial consideration (see Agreement para. 4) in back pay and in liquidated damages in exchange for settling her claims under the Wage Laws. In addition to these payments, Defendant separately will pay Plaintiffs' counsel attorneys fees and expenses pursuant to the fee-shifting provisions of the Wage Laws, each of which provides for fee-shifting to prevailing Plaintiffs. 29 U.S.C. § 216(b) provides that "the court shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

### B.     Bona Fide Disputed Issues Exist

In addition to the amount of the settlement being fair, the settlement is reasonable given the numerous bona fide issues in dispute between the parties as set forth above, including: (i) whether Plaintiff properly was classified as an independent contractor; (ii) whether Defendant's alleged violation was "willful" within the meaning of the Wage Laws; (iii) whether Plaintiff can recover the cash value of paid time off benefits paid to Scholastic's properly classified employees; and (iv) the number of hours worked by Plaintiff.

Given the foregoing numerous bona fide issues in dispute and the amount of money offered, the Parties jointly believe that the proposed settlement is fair and reasonable and should be approved by the Court.

For the reasons set forth above, both Plaintiff and Defendant respectfully request that the Court approve the proposed settlement as fair and reasonable under the FLSA, including the amount of attorneys' fees, costs, and disbursements to be paid by Defendant.

### V.     DEFENDANT REQUESTS THAT THE SETTLEMENT REMAIN CONFIDENTIAL AND IF NECESSARY BE FILED UNDER SEAL

For reasons set forth below, Defendant requests that the Court complete its review of the Agreement *in camera* and issue an Order indicating that the settlement is fair and reasonable. If deemed necessary, Defendant requests that the Agreement be filed under seal. Alternatively, Defendant requests that the publicly-available Agreement be redacted as to the parts reflecting settlement amounts, and that the unredacted Agreement be filed under seal.

### A.     Basis for Confidentiality

Confidentiality is a material term of the Agreement. Agreement ¶6. It constitutes part of the consideration provided in exchange for the amount paid to resolve this litigation. *Id. Falleson v. Paul T. Freund Corp.*, 2010 U.S. Dist. LEXIS 80472 (W.D.N.Y. Aug. 10, 2010)(Court takes steps to preserve confidentiality of parties' FLSA settlement). Indeed, Defendant's willingness to resolve this matter was – as with many Defendants – predicated on the confidentiality of the resolution. While Defendant expressly denies liability or any violation,



Attorneys at Law

Hon. Judge Jesse M. Furman
USDC/SDNY
June 20, 2012
Page 5

public disclosure of the Agreement (which again, only pertains to a very limited FLSA claim covering a 3 month period) will expose Defendant to possible copycat lawsuits, to inquiries from customers and potential customers, and to allegations from competitors regarding its business and employment practices it continues to vehemently allege are unfounded.

Defendant further submits that confidentiality inures to the benefit of the Plaintiff here, as well. Plaintiff is a former freelancer who worked for Defendant in connection with educational products it offers to school districts. This is a narrow industry. The merits of their claims aside, Plaintiff's standing with putative industry business partners or employers is unlikely to be enhanced by public filing of the Agreement, reflecting her recovery in this matter.

### B. The Court's *In Camera* Review of the Agreement Constitutes Sufficient Supervision Under the FLSA

While it is universally agreed that this Court must supervise the settlement in this matter pursuant to the FLSA, there is no compulsory process associated with this rule. *See generally Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).[1] As this Court has observed, it must "'scrutiniz[e]" the settlement "to ensure it is fair." *Herrera, supra*. In *Falleson, supra*, Judge Larimer permitted submissions to the Court regarding the settlement which would reflect its terms to take letter form, and remain excluded from the docket (though not filed under seal). This occurred <u>after</u> the Court had issued an order dismissing the underlying claims with prejudice. For the reasons set forth above, Defendant submits that the Court can review the settlement in this fashion, determining that it is both fair and reasonable and the resolution of a bona fide dispute, and that the Court's supervision can ensure that the policy underlying the FLSA is served, whilst simultaneously acknowledging the rule of *Gambale* favoring the honoring of confidential settlements. *Also see Tuan Le v. SITA Info. Networking Computing USA, Inc.*, 2008 U.S. Dist. LEXIS 46174 (E.D.N.Y. June 12, 2008)(Court approved FLSA settlement following confidential review of settlement agreement and affirmation from Plaintiff's counsel).

---

[1] Indeed, the Second Circuit has not cited to *Lynn's Food* or, to Defendant's knowledge, issued an opinion addressing FLSA supervision. Defendant urges that the Court should be guided in its review of this matter by the Circuit's opinion in *Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004). In *Gambale*, the Court reviewed Judge Baer's *sua sponte* disclosure of the confidential settlement amount in an employment discrimination case where the parties had entered into a confidential settlement agreement, and called that decision a "serious abuse of discretion." *Id.* at 144. The Court further observed that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *Id.* at 143. While *Gambale* does not expressly address FLSA supervision, it stands for the proposition that the courts in this Circuit should overrule or unmake the confidential agreements entered into by litigants to the smallest extent possible, consistent with prevailing law and the Court's obligations.


Attorneys at Law
Hon. Judge Jesse M. Furman
USDC/SDNY
June 20, 2012
Page 6

### C. The Settlement Should Be Filed Under Seal Consistent with the Parties' Agreement Regarding Confidentiality

As discussed above, Defendant does not believe that a filing under seal is required to preserve the confidentiality of the settlement. However, to the extent filing under seal is necessary to preserve the confidentiality of the Agreement, Defendant believes this filing is appropriate. *Medley v. American Cancer Soc'y*, No. 10 Civ. 3214 (BSJ), 2010 U.S. Dist. LEXIS 75098, at *1 n.1 (S.D.N.Y. July 23, 2010)*(*"Because the terms of the settlement agreement are confidential, it will be filed under seal"). In considering an application involving a request to file under seal, the Court applies a balancing test weighing the presumption of public access to public documents against any interests favoring nondisclosure. *See In re September 11 Litigation*, 2010 U.S. Dist. LEXIS 14805, at *24 (S.D.N.Y. Feb. 19, 2010). In balancing the competing interests, the presumption of public interest may be rebutted by countervailing interests. *Id.; see Medley, supra* (approving filing under seal of FLSA settlement agreement).

Defendant believes it has articulated these countervailing interests. Filing the agreement under seal still provides for supervision, as above. Should any person subsequently come forward and demonstrate a compelling need to review the Agreement, the Court can weigh such a request and, in its discretion, unseal the Agreement on the basis of that application.

### D. As A Last Resort, A Redacted Settlement Agreement Should Be Filed Publicly, and the Unredacted Agreement Filed Under Seal

Finally, if the Court remains unconvinced that complete confidentiality is appropriate in this case, Defendant requests that those parts of the settlement agreement reflecting settlement amounts (i.e., the individual settlement amounts and the sum total of the settlement amounts) be redacted. *Eiji Suda v. Sushiden Corp.*, 2011 U.S. Dist. LEXIS 31298 (S.D.N.Y. Mar. 23, 2011)(authorizing redaction of publicly filed FLSA agreement); *Savarese v. Cirrus Design Corp.*, 2010 U.S. Dist. LEXIS 21690 (S.D.N.Y. Mar. 8, 2010). This narrowly tailored sealing of only the most sensitive information honors in part the parties' Agreement and helps to address the concerns raised *supra*, while ensuring that the balance of the Agreement will become a matter of public record, that the public will be noticed and assured that after judicial review there has been no overreaching by employer and that the settlement is fair.

Should the Court grant Defendant's request for redaction of settlement amounts from the settlement agreement, counsel will provide the Court with a redacted copy of same for filing.

* * * * * * * *


Attorneys at Law

Hon. Judge Jesse M. Furman
USDC/SDNY
June 20, 2012
Page 7

The parties' respectfully request that the Court approve the settlement in this matter as set forth above, and issue the Order attached as Exhibit A to Exhibit 1 (attached hereto).

Respectfully Submitted,

JACKSON LEWIS LLP

Noel P. Tripp

NPT:dc
Attachment

cc: Wendy J. Mellk, Esq. (internal)
Lauren Goldberg, Esq. (via electronic mail)

4835-9858-8687, v. 1