```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/5/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SARAH WOLINSKY,

                Plaintiff,      :

                           :

          -v-                 :

                           :

SCHOLASTIC INC.,

                           :

               Defendant.    :

------------------------------------------------------------------X

11 Civ. 5917 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, District Judge:

On August 23, 2011, Sarah Wolinksy filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and provisions of the New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.*  Wolinksy alleged that her former employer, the Defendant Scholastic Inc. ("Scholastic"), intentionally misclassified her as an independent contractor during the course of her employment in order to avoid granting her benefits or paying her overtime wages.  (Compl. ¶¶ 44-46).  On May 8, 2012, at the request of the parties, the Court referred the matter to a Magistrate Judge for purposes of settlement. (Docket No. 14).

By letter dated May 25, 2012, the parties reported to the Magistrate Judge that they had reached a settlement in principle.  (Docket No. 16).  On June 20, 2012, the Defendant, with consent of the Plaintiff, submitted the settlement agreement (the "Agreement") to this Court for its approval, as required under the FLSA.  Among other things, the Agreement contains a confidentiality provision, prohibiting Wolinsky from disclosing, discussing, or otherwise publishing the existence or terms of the Agreement.  In an accompanying letter, the Defendant set forth its view of (1) why the Agreement is fair; and (2) why confidential *in camera* review of the Agreement, or else filing of the Agreement under seal, was warranted.  (*See* June 20, 2012

Letter (Docket No. 19)).[1]

For the reasons stated below, the Court concludes that the common law right of access to judicial documents requires that the Agreement be made public. Accordingly, the parties' request for approval of the Agreement in its current form is DENIED.

## DISCUSSION

### A. Approval of FLSA Settlements

Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). The FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver." *Le v. SITA Info. Networking Computing USA, Inc.*, 07-CV-86 (JS) (MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (internal quotation marks omitted). Accordingly, an employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement. *See, e.g.*, *Mosquera v. Masada Auto Sales, Ltd.*, 09-CV-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011).

In the latter case, before a district court enters judgment, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable. *See, e.g.*, *Elliott v. Allstate Investigations, Inc.*, No. 07 Civ. 6078 (DLC), 2008 WL 728648, at *1-2 (S.D.N.Y. Mar. 19, 2008) (noting that "several circuits have opined that courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements

---

[1]   The parties did not request that the letter be kept confidential or filed under seal and it contains no information about the specific terms of the Agreement. Accordingly, the Court has docketed the letter.

for fairness"); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (explaining that "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness"). In addition, the parties must provide the court with enough information to "examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The ultimate question is whether the proposed settlement reflects a fair and "reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mosquera*, 2011 WL 282327, at *1 (internal quotation marks omitted); *see also Martinez v. Ragtime Foods of N.Y., Inc.*, 11-CV-1483 (JG) (CLP), 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011).

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Medley v. Am. Cancer Soc.*, No. 10 CV 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010); *see also, e.g., Dees*, 706 F. Supp. 2d at 1241, 1244; *cf. Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 54 (E.D.N.Y. 2010) (identifying nine factors that should be considered in assessing the fairness of a proposed *class* settlement, seven of which would also be relevant in assessing the fairness of a proposed settlement in an individual FLSA case). Given the purposes of the FLSA, factors that weigh

3

against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Dees*, 706 F. Supp. 2d at 1244.

Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award. *See* 29 U.S.C. § 216(b) ("The Court . . . *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); *see also, e.g.*, *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."); *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 CV 4377 (KAM) (CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010) (Pollak, M.J.) (reviewing attorney's fees agreed to in settlement of an individual FLSA claim for reasonableness), *adopted by* 2010 WL 2545472 (E.D.N.Y. June 18, 2010); *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146-47 (M.D. Fla. 2005) (same); *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (same). In an individual FLSA action where the parties settled on the fee through negotiation, there is "a greater range of reasonableness for approving attorney's fees." *Misiewicz*, 2010 WL 2545439, at *5. Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the

4

circumstances in which it was reached, if only to ensure that "the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Cisek*, 954 F. Supp. at 110-11.

To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award. *See, e.g.*, *Galvez v. Americlean Servs. Corp.*, 1:11CV1351 JCC/TCB, 2012 WL 1715689, at *3 (E.D. Va. May 15, 2012) (denying a motion to approve an FLSA settlement agreement, in part, because the parties "provided no declarations, invoices, or similar documentation that would allow the Court to perform a lodestar analysis and assess the reasonableness of counsel's hourly rate or the number of hours expended on the case"). In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. *See, e.g.*, *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). While there is a strong presumption that the "lodestar" amount — that is, the number of attorney hours reasonably expended times a reasonable hourly rate — represents a reasonable fee, the court may adjust the fee award upward or downward based on other considerations. *See Gordon v. Camp Canine, Inc.*, No. 02 Civ. 4093 (SAS) (JCF), 2003 WL 1563288, at *2 (S.D.N.Y. Mar. 25, 2003) (citing *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)); *see also Bogosian v. All Am. Concessions*, No. 06–CV–1633 (RRM) (RML), 2012 WL 1821406, at *2 (E.D.N.Y. May 18, 2012) (discussing the twelve factors that a court should consider in assessing the reasonableness of attorney's fees) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 186, 190 (2d Cir. 2008)). If

proper records are not submitted, the court may deny fees altogether or it may reduce the award.

*See, e.g.*, *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997).[2]

## B. The Common Law Right of Access to Judicial Documents

Considering all of these factors in the present case, the Court would be inclined to approve the parties' proposed settlement, but for one fact:  The settlement agreement contains a confidentiality provision.  Under the common law right to access, a presumption of public access attaches to any "judicial document," defined as a document "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks omitted).  As the Second Circuit has explained, this "presumption of access" has deep roots in the common law:

> The presumption of access is based on the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice.  Federal courts exercise powers under Article III that impact upon virtually all citizens, but judges, once nominated and confirmed, serve for life unless impeached through a process that is politically and practically inconvenient to invoke.  Although courts have a number of internal checks, such as appellate review by multi-judge tribunals, professional and public monitoring is an essential feature of democratic control.  Monitoring both provides judges with critical views of their work and deters arbitrary judicial behavior.  Without monitoring, moreover, the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings.  Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions.

*Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  If the presumption applies, a court must first determine "[t]he weight to be given the presumption" based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of

---

[2]     In class and collective action cases, courts often award attorney's fees as a percentage of the total fund in lieu of using the lodestar-type method described above.  *See Alleyne*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

such information to those monitoring the federal courts." *Id.*  It must then weigh the

presumption against any countervailing interests, such as "the privacy interests of those resisting

disclosure," "judicial efficiency," and "the danger of impairing law enforcement." *Id.* at 119-20.

Although in many — if not most — cases, a settlement agreement would not qualify as a

"judicial document," settlement agreements in FLSA cases are different because of the

requirement for judicial approval.  That is, an agreement settling an FLSA claim that is

submitted for court approval is indisputably a document that is "relevant to the performance of

the judicial function and useful in the judicial process," and thus a "judicial document" subject to

the presumption of access.  *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted); *see*

*also, e.g.*, *Curasi v. Hub Enters., Inc.*, No. 11–CV–2620 (JS) (GRB), 2012 WL 728491, at *1

(E.D.N.Y. Mar. 5, 2012) (noting that "because judicial approval is required for settlement under

the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption

of public access applies"); *Lin v. Comprehensive Health Mgmt., Inc.*, No. 08 Civ. 6519 (PKC),

2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009) (explaining that "[a]ny document reflecting

the terms of the settlement and submitted to the Court is a 'judicial document' to which the

presumption of access likely applies") (citing *Lugosch*, 435 F.3d at 119-20).  Further, insofar as

such an agreement goes to the heart of the matter being adjudicated — and implicates the

underlying policies of the FLSA — the presumption of public access that attaches to judicial

documents is at its strongest.  *See, e.g.*, *Amodeo*, 71 F.3d at 1049 (explaining that the strength of

the presumption varies "on a continuum from matters that directly affect an adjudication to

matters that come within a court's purview solely to insure their irrelevance"); *see also, e.g.*,

*Tran v. Thai*, Civil Action No. H–08–3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009)

("The presumption of public access to settlements of FLSA actions is particularly strong. . . . Absent an extraordinary reason, the court cannot seal such records.") (internal quotation marks omitted); *accord Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003).

In its letter of June 20, 2012, Scholastic puts forward two arguments in favor of confidentiality. First, it contends that confidentiality is a material term of the Agreement constituting part of the consideration provided by Wolinsky. (June 20, 2012 Letter at 4-5). Noting that it continues to deny liability or any wrongdoing, Scholastic also expresses concern that if the terms of the Agreement are made public, it will be subject to copycat lawsuits, embarrassing inquiries from current and future customers, and unfounded allegations from competitors. (*Id.* at 5). Similarly, Scholastic submits that Wolinsky would benefit from keeping the Agreement confidential. In somewhat vague (and, given the public filing of the complaint, unconvincing) fashion, it asserts that her standing in the "narrow industry" in which she works "is unlikely to be enhanced by public filing of the Agreement . . . ." (*Id.*)

This argument is unavailing. First, the mere fact "that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public." *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 648 (S.D.N.Y. 2011) (quoting *Scott v. Memory Co., LLC*, Civil Action No. 3:09cv290–SRW, 2010 WL 4683621, at *2 (M.D. Ala. Nov. 10, 2010)) (internal quotation marks omitted). Indeed, courts "that have considered this sort of justification for sealing [a] settlement agreement . . . have roundly rejected it." *Id.* (citing cases); *see, e.g.*, *Hens v. Clientlogic Operating Corp.*, 05-CV-381S, 2010 WL 4340919, at *3 (W.D.N.Y. Nov. 2, 2010) (joining "the overwhelming majority of district courts" in holding that "a stipulation to seal does

8

not outweigh the strong presumption of public access to an FLSA settlement agreement"). This is for good reason, as the presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of the parties in keeping their settlement private.

Nor does the fear of copycat lawsuits or embarrassing inquiries suffice to defeat the presumption. Aside from undermining the ability of the public to monitor the judiciary, "[s]ealing an FLSA settlement agreement between an employer and employee, reviewing the agreement *in camera*, or reviewing the agreement at a hearing without the agreement's appearing in the record . . . thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Dees*, 706 F. Supp. 2d at 1245. Against these interests, the fear that disclosure will prompt additional litigation or embarrassment is too "speculative" and "insufficient to justify sealing." *Hens*, 2010 WL 4340919 at *3; *see Bouzzi v. F & J Pine Rest., LLC*, 10-CV-0457 (DLI) (CLP), 2012 WL 85137, at *5 (E.D.N.Y. Jan. 11, 2012) (concluding that "yielding to such speculative concerns about future litigation would frustrate the purposes of the FLSA"); *see also Stalnaker*, 293 F. Supp. 2d at 1264 ("A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness . . . .").

Scholastic's second argument in favor of confidentiality fares no better. Scholastic argues that the Second Circuit's decision in *Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004), stands for the proposition that courts should interfere with confidential agreements "to the smallest extent possible, consistent with prevailing law and the Court's obligations." (June 20, 2012 Letter at 5 n.1). In *Gambale*, the Second Circuit reviewed a district court's disclosure of a settlement amount that had been contained in a confidential settlement agreement.

9

To the extent relevant here, the court held that the district court should not have unsealed a transcript revealing the settlement amount and that it had been a "serious abuse of discretion" for the district court to have referred to the amount — "theretofore confidential" — in a public order. *Id.* at 144. As the court explained, "there may well be valid reasons . . . for maintaining the amount of settlement in confidence when the settlement itself was conditioned on confidentiality and when the settlement documents were not filed with the court and were not the basis for the court's adjudication. If nothing else, honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *Id.* at 143.

As Scholastic acknowledges, however, *Gambale* was not an FLSA case, and the agreement there at issue was not filed with the court or otherwise submitted for judicial approval. *See id.* at 134-35, 137. Indeed, the Second Circuit explicitly noted that the settlement documents were "not themselves part of the court record" and "not the basis for the court's adjudication," and stated that there was "no established presumption of access of which [they had] been made aware with respect to the information contained in them." *Id.* at 143. Moreover, the Court explicitly quoted a decision of the Fifth Circuit for the following proposition: "Once a settlement is filed in district court, it becomes a judicial record. *The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval*." *Id.* (emphasis added) (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)) (internal quotation marks omitted). Here, the Agreement was "filed and submitted" to the Court for its approval and was "the basis for the court's adjudication." *Id.* (internal quotation marks omitted). Accordingly, the Agreement is a

judicial document to which a strong presumption of access applies. *See, e.g., Curasi*, 2012 WL 728491, at *1.

Finally, in further support of its argument for confidentiality, Scholastic cites two cases from elsewhere in this Circuit in which courts have approved FLSA settlement agreements without publishing them to the docket. (June 20, 2012 Letter at 5 (citing *Falleson v. Paul T. Freund Corp.*, 2010 U.S. Dist. LEXIS 80472 (W.D.N.Y. Aug. 10, 2010); *Tuan Le v. SITA Info. Networking Computing USA, Inc.*, 2008 U.S. Dist. LEXIS 46174 (E.D.N.Y. June 12, 2008)). But neither court addressed — let alone acknowledged — the common law right of access, and neither court provided particularized reasons to justify keeping the terms of the settlement agreement at issue confidential.[3]  By contrast, those courts that have expressly considered the question have held overwhelmingly, if not unanimously, that the presumption of public access applies to FLSA settlements. *See, e.g., Joo*, 763 F. Supp. 2d at 646-47 (stating that "the Court's review of the case law has not revealed a single federal case that considers the question and holds that the presumption of public access does not attach to FLSA settlements" and citing cases).  This Court, like others in this Circuit, declines to follow cases, such as *Falleson* and *Tuan Le*, "that granted requests to seal FLSA settlements but failed to provide reasons or authority for so doing." *Bouzzi*, 2012 WL 85137, at *2 (citing cases).

For the foregoing reasons, the Court concludes that there is no basis to keep the Agreement out of the public record.  Nor is there a basis for Scholastic's alternative proposal of publicly filing a version of the Agreement, but redacting "those parts of the settlement agreement

---

[3]     The fact that some courts have approved FLSA settlements under seal is unremarkable. As the court explained in *Joo*: "[I]t is unsurprising that in a situation in which no party seeks to protest the amicable resolution of contested litigation and no party raises the argument about the presumption of public access that courts would approve a sealed FLSA settlement." 763 F. Supp. 2d at 646.

11

reflecting settlement amounts . . . ." (June 20, 2012 Letter at 6).  Once again, Scholastic cites

two cases from this Circuit in which such relief was granted.  (*See id.* at 6 (citing *Eiji Suda v.*

*Sushiden Corp.*, 2011 U.S. Dist. LEXIS 31298 (S.D.N.Y. Mar. 23, 2011), and *Savarese v. Cirrus*

*Design Corp.*, 2010 U.S. Dist. LEXIS 21690 (S.D.N.Y. Mar. 8, 2010))).  But like *Falleson* and

*Tuan Le*, these two decisions include no analysis of the relevant issue.  By contrast, "courts

considering this exact issue have held that the public has a substantial interest in the amount of

settlement, and the presumption against disclosure of such information is not easily overcome

. . . ."  *Curasi*, 2012 WL 728491, at *2; *see also, e.g.*, *Bouzzi v. F & J Pine Rest.*, No. 10–CV–

457 (DLI), 2011 WL 7004196, at *2-3 (E.D.N.Y. Sept. 23, 2011) (Pollak, M.J.) (explaining the

importance of public access to unredacted settlement figures in FLSA cases and citing cases

declining to redact such information), *adopted by Bouzzi*, 2012 WL 85137.

Finally, it bears noting that while Scholastic's letter says nothing on the subject, the

Agreement itself contains a clause providing that if "the Court refuses to accept this Agreement

on a confidential basis, the parties agree in the alternative to dismissal of the litigation via

stipulation pursuant to Federal Rule of Civil Procedure 41."  Voluntary dismissal by the plaintiff

without a court order under Rule 41(a)(1), however, is subject to "any applicable federal statute,"

Fed. R. Civ. P. 41(a)(1), and as discussed above, the FLSA does not allow an employee to waive

or otherwise settle a claim for unpaid wages for less than the full statutory damages unless the

settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised

stipulated settlement.  There may be circumstances in which voluntary dismissal of an FLSA

claim without a court order is proper, but to allow it in the present circumstances — where the

parties have reached a settlement agreement — would permit an end run around the FLSA's

judicial-supervision requirement.  Accordingly, the Court concludes that the parties in this case

may not stipulate to dismissal of the case without a court order pursuant to Rule 41(a)(1).

Instead, the case "may be dismissed at the plaintiff's request only by court order, on terms that

the court considers proper." Fed. R. Civ. P. 41(a)(2).

## CONCLUSION

For the foregoing reasons, the Court cannot approve the Agreement at this time.

Accordingly, the parties may proceed in one of two ways:

(1) The parties may file on the public docket a revised Agreement that does not
include a confidentiality provision together with a Stipulation of Dismissal to
be so ordered by the Court; or

(2) The parties may file a letter indicating their intention to abandon their
settlement and continue to litigate this action.

The parties must take one of these actions within thirty (30) days of the date of this Order.

SO ORDERED.

Dated: July 5, 2012
      New York, New York

JESSE M. FURMAN
United States District Judge

13