# jackson | lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| ALBUQUERQUE, NM | GREENVILLE, SC | MORRISTOWN, NJ | PROVIDENCE, RI |
| ATLANTA, GA | HARTFORD, CT | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | RICHMOND, VA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SACRAMENTO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAINT LOUIS, MO |
| BOSTON, MA | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN DIEGO, CA |
| CHICAGO, IL | LONG ISLAND, NY | ORLANDO, FL | SAN FRANCISCO, CA |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | WASHINGTON, DC REGION |
| DENVER, CO | MILWAUKEE, WI | PORTLAND, OR | WHITE PLAINS, NY |

DIRECT DIAL: (631) 247 4661
EMAIL ADDRESS: TrippN@JACKSONLEWIS.COM

August 3, 2012

**VIA ECF**

Hon. Judge Jesse M. Furman
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

      Re: *Sarah Wolinsky v. Scholastic, Inc.*
         <u>Civil Case No.: 11-5917</u>

Dear Judge Furman:

  In conformity with the Court's Order (Dkt. 20), enclosed is a revised Settlement Agreement in the instant matter, removing the confidentiality provision contained in the parties' original agreement.

         Respectfully Submitted,

         JACKSON LEWIS LLP

         Noel P. Tripp

NPT:dc
Enclosure

cc: Wendy J. Mellk, Esq. (via ECF)
   Lauren Goldberg, Esq. (via ECF)

4818-1907-3296, v. 1

# AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release is made and entered into by and between Sarah Wolinsky ("Ms. Wolinsky"), who resides at 3647 Broadway, #9E, New York, NY 10031, and Scholastic Inc. ("Scholastic"), having its principal offices at 557 Broadway New York, New York 10012.

1. **Definition of Parties**.

    a. "Releasor" shall be defined to include, but is not limited to, Sarah Wolinsky, and all affiliated persons or entities, including, but not limited to, her present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Ms. Wolinsky personally, she will be referred to as "Ms. Wolinsky."

    b. "Released Parties" shall be defined as Scholastic Inc., and all affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, and their employee benefit plans and programs and their administrators and fiduciaries, purchasers of assets or stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons or entities.

2. **Consideration**. In consideration for: (i) signing this Settlement Agreement and General Release ("Agreement") and settling and releasing any and all claims of any sort or kind as and against Scholastic; (ii) compliance with the promises made herein; and, (iii) dismissal with prejudice of the litigation styled <u>Sarah Wolinksy v. Scholastic, Inc.</u>, Southern District of New York Case Number 11-CV-5917, Scholastic agrees to pay Ms. Wolinsky the

total settlement amount of Thirty Thousand Dollars and No Cents ($30,000.00), in the following manner:

        a.      A check payable to "Sarah Wolinsky" in the amount of Thirteen Thousand Seven Hundred Eighteen Dollars and Sixty Three Cents ($13,718.63), for non-W-2 taxable income reportable on IRS Form 1099-MISC; a check payable to "Sarah Wolinsky" in the amount of Thirteen Thousand Seven Hundred Eighteen Dollars and Sixty Two Cents ($13,718.62), which amount represents wages subject to withholding taxes and reportable in IRS Form W-2; and, a check payable to "Law Offices of Lauren Goldberg" in the amount of Two Thousand Five Hundred Sixty Two Dollars and Seventy Five cents ($2,562.75.), which amount is reportable on IRS Forms 1099-MISC to be issued to Ms. Wolinsky and to the Law Offices of Lauren Goldberg.  The foregoing checks shall be delivered to Lauren Goldberg, counsel to Ms. Wolinsky, within ten (10) business days of: 1) Ms. Wolinsky's execution and delivery of this Agreement and 2) the date the Court in this matter "so orders" the Stipulation of Dismissal with Prejudice attached hereto as "Exhibit A".

        b.      Ms. Wolinsky must ensure that all taxes owed by her relating to the payments made hereunder are properly paid.  In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing by Ms. Wolinsky as a result of the payments made hereunder, said taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Ms. Wolinsky, who agrees to hold harmless and to indemnify Scholastic from any tax-related or other liability with regard to Ms. Wolinsky's portion of taxes, interest and/or penalties, except for any taxes, interest or penalties assessed against Scholastic for classifying Ms. Wolinsky as an independent contractor or taxes, interest or penalties properly assessed or otherwise required by law required to be paid by Scholastic.

Scholastic will hold Ms. Wolinsky harmless with respect to Scholastic's share of taxes relating the payments hereunder.

    c.  The consideration represents a complete settlement, satisfaction, release and waiver of all claims, including, but not limited to, those for alleged lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief which Releasor may have against Released Parties.

    3.  **No Consideration Absent Execution of This Agreement**. Releasor understands and agrees she would not receive the monies and/or benefits specified in Paragraph 2 above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

    4.  **General Release of Claims**. In return for the payments identified in paragraph 2, Releasor knowingly and voluntarily releases and forever discharges Released Parties of and from any and all claims, whether known or unknown, she has or may have against Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

> Title VII of the Civil Rights Act of 1964;
>
> The Civil Rights Act of 1991;
>
> The National Labor Relations Act;
>
> Sections 1981 through 1988 of Title 42 of the United States Code;
>
> The Employee Retirement Income Security Act of 1974;
>
> The Immigration Reform and Control Act;
>
> The Sarbanes-Oxley Act of 2002;

The Americans with Disabilities Act of 1990;

The Family and Medical Leave Act;

The Age Discrimination in Employment Act of 1967;

The Fair Credit Reporting Act;

The Fair Labor Standards Act;

The New York State Executive Law (including its Human Rights Law);

The New York State Labor Law;

The New York wage and wage–hour laws;

The New York City Administrative Code (including its Human Rights Law);

Any other federal, state or local civil, human rights, bias, whistleblower, discrimination, retaliation, compensation, employment, labor or other local, state or federal law, regulation or ordinance;

Any amendments to the foregoing laws;

Any of Scholastic's benefit, payroll or other plan, policy or program;

Any contract, third-party beneficiary, tort or common law claim relating to her tenure with Scholastic; or,

Any claim for costs, fees, or other expenses, including attorneys' fees relating to the instant matter.

5. **Acknowledgments and Affirmations**.

   a. Ms. Wolinsky affirms that other than the lawsuit captioned <u>Sarah Wolinksy v. Scholastic, Inc.</u>, Southern District of New York Case Number 11-CV-5917, she has not filed, caused to be filed, or presently is a party to any claim against Scholastic.

   b. Ms. Wolinsky affirms she has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which she may be entitled.

        c.      Ms. Wolinsky represents that there have been no payments or reimbursement by Medicare or Medicaid to Ms. Wolinsky for any alleged damages or injuries relating to any claim against Scholastic.

        d.      Ms. Wolinsky affirms she has no known workplace injuries or occupational diseases.

        e.      Ms. Wolinsky affirms she has not divulged any proprietary or confidential information of Scholastic and will continue to maintain the confidentiality of such information consistent with Scholastic's policies and Ms. Wolinsky's agreement(s) with Scholastic and/or common law.

        f.      Both Scholastic and Releasor acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Releasor agrees that if such an administrative claim is made by Releasor, Releasor shall not be entitled to recover any individual monetary relief or other individual remedies.

        g.      The parties agree that Releasor does not wish to hold any position with, or provide any services to, Scholastic now or in the future and, therefore, shall not apply in the future for employment with Scholastic or seek to render services or engagement as a contractor to Scholastic in the future. In the event that Releasor does take the actions prohibited by the paragraph, Scholastic has no obligation to hire or engage Releasor.

        h.      Ms. Wolinsky shall direct all requests for a reference to Ken Rowe, Scholastic's Director of Human Resources or his successor, who shall only provide the dates Ms. Wolinsky provided services to Scholastic (March 7, 2006 - October 22, 2008) and her rate of compensation ($50/hour).

    6.      **Non-Disparagement**.

        a.      Ms. Wolinsky agrees that she shall not make any statement that disparages Scholastic. Scholastic agrees that as long as Patricio Dujan, Rose Else Mitchell and Duncan Young remain employed by Scholastic, they shall not make any disparaging statement about Ms. Wolinsky.

        b.      The parties understand and agree that violation of this covenant will constitute a material breach of this Agreement, which will cause the non-breaching party to suffer immediate, substantial and irreparable injury. If a court of competent jurisdiction finds that Ms. Wolinsky or Scholastic has breached their respective obligations under this section 6, the breaching party will be liable for such damages as a court may determine, but Ms. Wolinsky shall remain bound by the general and unlimited release of all claims contained herein.

        c.      Upon the complete execution of this Negotiated Settlement Agreement the Parties shall jointly submit to the Court the Stipulation of Dismissal with Prejudice attached as Exhibit A, and this Negotiated Settlement Agreement in order for the Court to approve its terms.

        7.      **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. The parties agree that the appropriate venue for any proceeding brought to enforce the terms of this Agreement shall be in the State of New York, Supreme Court, New York County. If any provision of this Agreement is declared illegal or unenforceable by any arbitrator or the court, the parties agree that the arbitrator or~~court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the

remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Releasor agrees to execute a binding replacement release which will be prepared by Scholastic.

8. **Amendment**. Except as provided in Paragraph 7 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

9. **Nonadmission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Releasor acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Counterparts**. This Agreement may be executed in counterparts, and delivered by electronic mail (and followed by first class mail), each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

13. **Legal Fees**. Each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation and execution of this Agreement.

14.     **Joint Participation in Preparation of Agreement.**  The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement.  Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party.  This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

15.     **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Ms. Wolinsky was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Ms. Wolinsky is competent to execute this Agreement and knowingly and voluntarily waives any and all claims she may have against Released Parties.  Ms. Wolinsky certifies she is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair her right or ability to waive all claims she may have against Released Parties.

RELEASOR HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HER COUNSEL, LAUREN GOLDBERG, ESQ., REGARDING THE AGREEMENT.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, RELEASOR FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.

Date:_____

_____
**Sarah Wolinsky**

**SCHOLASTIC INC.**

By:_____

Date:

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SARAH WOLINSKY,

                        Plaintiff,

        -against-                               Civ. No.: CV-11-05917
                                                                  Furman, J.
SCHOLASTIC INC.,

                        Defendant.

-----------------------------------------------------------X

**STIPULATION OF FINAL DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties in the above captioned action, through the undersigned counsel, that this action be dismissed with prejudice and without costs or attorneys' fees (other than those specified in the Settlement Agreement). In "so ordering" the instant Stipulation, the Court hereby approves the Agreement and General Release of claims. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement.

| | |
|---|---|
| LAW OFFICES OF LAUREN GOLDBERG, PLLC<br>*ATTORNEY FOR PLAINTIFF*<br>501 Fifth Ave., 19th Fl.<br>New York, New York 10017<br>(212) 452-8380 | JACKSON LEWIS LLP<br>*ATTORNEYS FOR DEFENDANTS*<br>58 South Service Road, Suite 410<br>Melville, New York 11747<br>(631) 247-0404 |
| By: _____<br>      Lauren Goldberg, Esq. | By: _____<br>      Wendy J. Mellk, Esq. |
| Dated: _____ | Dated: _____ |

                    SO ORDERED on this _____ day of August, 2012

                                  _____
                                  United States District Judge